J. M. WRIGHT, EXECUTOR, v. J. McGINTY AND ANOTHER.

1. During the existence of a connubial partnership, an augmentation certificate was obtained under Article 4149 of Paschal's Digest, and was located, and the field-notes of the location returned to the General Land Office; but the wife died previous to the issuance of the patent. *Held,* that the wife took an estate of inheritance in the land, notwithstanding the patent did not issue until after her death.

2. The survivor of a connubial partnership can sell his or her undivided interest in the community property, but, there being children, cannot sell the interest of the deceased partner, except to pay the community debts; and the existence of such debts will not be presumed.

3. A tenant in common cannot sell any portion of the estate by metes and bounds.

APPEAL from Madison county.

The record in this case has not reached the hands of the reporter. This report is made from the opinion of the court alone.

WALKER, J.   Under the act of December 14th, 1837, John Montgomery, by reason of his intermarriage with the mother of the appellee, Julia McGinty, obtained the land in controversy as an augmentation of his headright.   The marriage occurred in 1838.   The certificate was obtained in 1839.   The land was surveyed, located, and the field-notes returned to the General Land Office before the death of the wife.

The wife took an estate of inheritance, as a community partner, though the patent did not issue until after her death. (Wilkinson v. Wilkinson, 20 Texas, 237.)   The wife having died in 1847, Montgomery sold by metes and bounds about three-fourths of the land to the testator of the appellant.   He had not administered on the estate of his wife.   He could have sold his undivided community interest; but he had no right to sell the estate of his wife unless to pay community debts.

It is insisted by appellant's counsel that the appellees should have averred and proved on the trial below that there were no community debts.   But we do not think the law raises a presumption of debts, which would render such an averment and proof necessary; and under this view of the law we find no error in the charge of the court.

Montgomery, as a tenant in common with his children, could not sell any portion of the estate by metes and bounds.   This suit is brought to recover from the purchaser of Montgomery, by his children, the interest which descended from their mother to them, and for partition.   Under the facts in the case we have no doubt of the correctness of the judgment of the court below, and it is therefore affirmed.

                                                    Affirmed.